# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 460 | **DATE** | 9/17/2001 |
| **CASE TITLE** | Sara Mungia vs. Tony Rizza Oldsmobile, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. In the absence of more concrete evidence relating to the number of people who purchased cars, applied for credit and then were denied credit without notice, this court cannot conclude that the numerosity requirement for class certification is met. Until Plaintiff is able to establish that all requirements of Rule 23 are met, her motion for class certification (Doc. No. 5-1) will be denied without prejudice.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | 3 number of notices | Document Number |
| ✓ | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | SEP 1 9 2001 date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | 25 |
| | Copy to judge/magistrate judge. | | | |
| | ETV courtroom deputy's initials | FILED FOR DOCKETING 01 SEP 18 AM 10:34 Date/time received in central Clerk's Office | 9/17/2001 date mailed notice ETV mailing deputy initials | |

Minute Order Form (06/97)

DOCKETED
SEP 1 9 2001

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| SARA MUNGIA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 01 C 460 |
| | ) | |
| TONY RIZZA OLDSMOBILE, INC., | ) | Judge Rebecca R. Pallmeyer |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sara Mungia agreed to purchase a car from Defendant Rizza Oldsmobile. Her mother, Dorothy Mungia, cosigned the retail credit installment contract, Plaintiff alleges that Defendant Rizza Motors violated the Equal Credit Opportunity Act ("ECOA"), 15 U.S.C. § 1691(d), by removing Sara's name from the payment book for the vehicle without telling her, thus effectively denying her credit without notice. Plaintiff seeks to represent a class of credit applicants who were denied credit without notice from Rizza Oldsmobile. Plaintiff argues that its motion for class certification meets the requirements of Rule 23 of the Federal Rules of Civil Procedure, despite the absence of an exact number of class members. Defendant contends that the Plaintiff has not established the presence of all the pre-requisites to class certification and asks the court to deny the motion.

As explained below, this court concludes that Plaintiff has not met her burden on the issue of numerosity, and therefore denies Plaintiff's motion for class certification without prejudice. In the absence of more ample discovery, the court is not convinced nor can it reasonably infer that a large group of applicants has been denied credit

25

without notice or that Rizza Oldsmobile adheres to a practice of declining credit to vehicle purchasers without notice in violation of ECOA.

## FACTS

Because Plaintiff's motion for class certification was filed prior to any substantial discovery, the facts before the court are limited. Plaintiff Sara Mungia is a resident of Illinois. Defendant Tony Rizza Oldsmobile, Inc. is incorporated in Illinois and operates a car dealership in Tinley Park, Illinois. The record at this stage does not reveal how many credit applications or sales transactions Rizza Oldsmobile handled in the year 2000 or in an average year.

In her complaint, Plaintiff alleges that she and her mother Dorothy Mungia went to Defendant Rizza's dealership on September 22, 2000 to purchase a new car for Sara. (Complaint ¶ 6.) Sara purchased a 1997 Oldsmobile from Rizza at that time. Plaintiff alleges (Compl. ¶ 8) and Defendant denies (Def's Answer ¶ 8) that the salesperson at Rizza Oldsmobile asked Dorothy to co-sign the retail installment contract.

Both Sara and Dorothy signed the contract, but Dorothy received the payment book on October 7, 2000 and found that it identified Dorothy as the sole obligor. The mailing label for the payment book was also addressed to Dorothy, rather than to Sara. Plaintiff alleges that Rizza altered the credit documents by removing Sara's name and signature, thereby interfering with Plaintiff's objective of establishing credit for herself. (Compl. ¶ 9-10.) Rizza denies that it altered the credit application in any way, but it does admit that it never sent Sara Mungia notice of the denial of credit.

2

(Def's Answer ¶ 9, 11.)

Plaintiff seeks class certification pursuant to FED R. CIV. P. Rule 23 and claims that all the requirements of Rule 23(a) and Rule 23(b)(3) have been met. (Pl.'s Mot. For Class Certification, ¶¶ 7-12). Defendant denies these assertions.

## DISCUSSION

Plaintiff alleges that Rizza Oldsmobile violated the Equal Credit Opportunity Act by making Dorothy Mungia the sole obligor on the credit application without notifying Sara Mungia that it had denied her request for credit. ECOA provides that within thirty days of a completed application for credit, a creditor must notify the applicant of its decision on the application. 15 U.S.C. § 1691 (d).

In her motion for class certification pursuant to Rule 23, Plaintiff moves to certify a class consisting of:

a. All persons who applied to Rizza for credit on or after January 23, 1999 (two years prior to the filing of this action) and prior to January 23, 2001,
b. who did not receive credit and,
c. who did not receive written notice of credit denial in connection with such application.

(Pl.'s Mot. for Class Certification at 1.)

In deciding whether to allow a case to proceed as a class action, this court is not required to accept the complaint's factual allegations as true, as it is when deciding a Rule 12(b)(6) motion. *Szabo v. Bridgeport Mach., Inc.*, 249 F.3d 672, 675 (7th Cir. 2001). Because an order certifying a class could be the final decision regarding class certification, there must be some initial test of the factual premises of the bases for

3

certification. *Id.* Thus, this court must make whatever factual and legal inquiries are necessary to certify a class under Rule 23. *Id* at 676.

Plaintiff bears the burden of demonstrating that its case meets the requirements of Rule 23. *United Independent Flight Officers, Inc. v. United Air Lines, Inc.*, 756 F.2d 1283 (7th Cir. 1985), citing *Valentino v. Howlett,* 528 F.2d 975, 978 (7th Cir. 1976). To do so, Plaintiff must establish, first, that the requirements of Rule 26(a): numerosity, commonality, typicality, and adequacy of representation. FED. R. CIV. P. 23(a). Thus, Plaintiff must show (1) that the class is so numerous that joinder of all members is impracticable; (2) that there are questions of law or fact common to the class; (3) that the claims or defense of the representative parties are typical of the claims of the class; and (4) that the representative parties will fairly and adequately protect the interests of the class. *Id; Valentino,* 528 F.2d at 978; *see also Williams v. Chartwell Fin. Servs.,* 204 F.3d 748, 760 (7th Cir. 2000).

This test is conjunctive; if one aspect is not met, the motion for class certification will be denied. *See Keele v. Wexler,* 149 F.3d 589, 594 (7th Cir. 1998). Since this court can make a determination regarding the class certification on the basis of the numerosity requirement, it declines to examine whether the other three requirements have been met.

Plaintiff is correct to assert that in order to satisfy the numerosity requirement, her complaint need not allege an exact number of class members. *See Roe v. Town of Highland,* 909 F.2d 1097, 1100 (7th Cir. 1990). A reasonable estimate is sufficient to satisfy the numerosity requirement where it is difficult to assess the exact class

4

membership. *Buycks-Roberson v. Citibank Fed. Sav. Bank,* 162 F.R.D. 322, 329 (N.D. Ill. 1995). Additionally, the court is entitled to make good faith assumptions as to the potential size of the class. *Id.* Nevertheless, mere speculation as to the number of parties involved in the class is not sufficient to satisfy the numerosity requirement. *Roe,* 909 F.2d at 1100. A plaintiff cannot simply rely on conclusory speculation as to the size of the class in order to prove numerosity. *Id.*

Plaintiff cites a multitude of cases from other districts that highlight other courts' determinations of the practicability of various class sizes. *See Sala v. Nat'l R.R. Pass. Corp.,* 120 F.R.D. 494, 497 (E.D. Pa. 1988); *Wescott v. Califano,* 460 F. Supp. 737, 744 (D. Mass. 1978); *Kulins v. Malco, a Microdot Company,* 121 Ill. App. 3d 520, 459 N.E.2d 1038 (1st Dist. 1984). In her motion, Plaintiff focuses on whether the allegation that Rizza Oldsmobile handles more than 150 credit applications annually is sufficient to pass the "10-40" person threshold for class certification. (Pl. Motion for Class Certification at 4.) In doing so, she sidesteps the more critical issue of how she arrives at that estimate. Given the lack of discovery in this case, the estimate of 150 appears to be based on speculation.

Even if the court assumes that 150 people did seek access to Rizza Oldsmobile's credit facilities in the past two years, it cannot reasonably infer or make a good faith assumption that all or even a portion of those 150 did not receive notice of credit denial. The discrepancy between the two credit contacts in this case helps to elucidate this point. In the first credit application, Sara Mungia's printed name appears on the first line labeled "Buyer," with Dorothy's printed name just below. Their signatures

near the bottom of the page match this pattern, with Sara's on top, Dorothy's on the bottom. In a second credit application, dated on the same day, Dorothy's name appears on the first line as "Buyer" and her signature appears at the bottom. Sara's name is absent from this second form. At this stage the record provides no explanation of the reasons for which two credit applications were submitted or why Sara's name appears on only one of them. Without additional information, the circumstances here may be consistent with a variety of conclusions, ranging from an innocent mistake to pernicious fraud.

In the absence of more concrete evidence relating to the number of people who purchased cars, applied for credit and then were denied credit without notice, this court cannot conclude that the numerosity requirement for class certification is met. The court presumes the necessary information about the number of credit denials is easily obtainable during discovery. To certify the class without such information would entail more than a good faith assumption or reasonable estimate on the part of the court. Until Plaintiff is able to establish that all requirements of Rule 23 are met, her motion for class certification (Doc. No. 5-1) will be denied without prejudice.

ENTER:

Dated: September 17, 2001

_____
REBECCA R. PALLMEYER
United States District Judge