Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 460 | **DATE** | 4/12/2002 |
| **CASE TITLE** | Sara Mungia vs. Tony Rizza Oldsmobile, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ■ Status hearing set for 5/1/2002 at 9:00 A.M..

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion for summary judgment (Doc. No. 35-1) is granted and the matter is set for a status hearing on 5/1/02 at 9:00 a.m., at which time the court will choose a time and place for an evidentiary hearing concerning the issues relating to punitive damages. Ruling date of 5/14/02 stricken.

(11) ■ [For further detail see

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | 3 | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | APR 15 2002 | |
| | Notified counsel by telephone. | | date docketed | 39 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 4/12/2002 | |
| | | 02 APR 12 PM 5:03 | date mailed notice | |
| ETV | courtroom deputy's initials | | ETV | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

DOCKETED
APR 1 5 2002

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SARA MUNGIA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 01 C 460 |
| TONY RIZZA OLDSMOBILE, INC., | ) Judge Rebecca R. Pallmeyer |
| Defendant. | ) ) ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Sara Mungia has moved for summary judgment in this action under Equal Credit Opportunity Act, 15 U.S.C. § 1691 ("ECOA") against Defendant Tony Rizza Oldsmobile, Inc. ("Rizza"). Although directed to respond, Defendant has declined to do so. For the reasons set forth below, the court grants Plaintiff's motion on liability but will schedule a hearing on her claim for punitive damages.

## FACTS

The uncontested facts set forth in Plaintiff's Rule 56.1 Statement and supported by deposition transcripts, are as follows: On September 2, 2000, Sara Mungia sought to purchase a vehicle from Rizza, expecting that her purchase would enable her to develop a credit history. (Sara Mungia Dep., Ex. A to Plaintiff's Rule 56.1 Statement at 15-20.) After she selected a vehicle, Tim Leo, a Rizza salesman and Medhat Adawy, the finance manager, advised Sara that she would need a co-signer to complete the purchase. (Id. at 36-38, 43.) Sara's mother, Dorothy Mungia, agreed to co-sign for the vehicle and agreed, further, that the car would nevertheless be titled in Sara's name only. (Dorothy Mungia Dep., Ex. B to Plaintiff's Rule 56.1 at 15, 17, 19.) Both Dorothy and Sara Mungia completed credit applications on September 22, 2000 (Sara Mungia Dep. at 47, Dorothy Mungia Dep. at 65), and Rizza personnel assured Sara on several occasions that the financing would be in her name. (Sara Mungia Dep. at 37, 44-45, 48-49, 56, 91.) In fact,

however, Rizza made several attempts to obtain financing in both Sara's and Dorothy's names, but was unable to do so. Ultimately, Rizza successfully obtained financing in Dorothy's name only. (Medhat Adawy Dep., Ex. C to Plaintiff's 15.6 at 40, 53-54.) Medhat Adawy acknowledged that he understood that Sara was the intended purchaser of the vehicle, and that Dorothy was only expected to be a co-signor; nevertheless, he advised Dorothy orally that the car would only be in her name and relied on Dorothy to inform Sara that she had been denied credit. (Adawy Dep. at 53, 57-58.) Sara continues to make the car payments for the vehicle. Rizza has never provided her with written notice of denial of credit. (Sara Mungia Dep. at 64, 164-165.) Rizza has admitted that in the calendar year 2000, it sold more than 150 cars for which financing was required. (Plaintiff's Request to Admit, ¶ 3.)

## DISCUSSION

### Liability under ECOA

The Equal Credit Opportunity Act provides that "[e]ach applicant against whom adverse action is taken shall be entitled to a statement of reasons for such action from the creditor." 15 U.S.C. § 1691(d)(2). Plaintiff argues that Rizza violated the Act by failing to notify her in writing that her credit application was denied.

As noted, Rizza has not responded to the motion, and Mungia's evidence is uncontroverted. The record she has assembled shows, first, that Rizza is a "creditor" under the ECOA. The Act defines a "creditor" as "any person who regularly extends, renews, or continues credit; any person who regularly arranges for the extension, renewal, or continuation of credit; or any assignee of an original creditor who participates in the decision to extend, renew, or continue credit." Federal Reserve Board Regulation B, which implements the ECOA, explains more simply that a "creditor" is "a person who, in the ordinary course of business, regularly participates in the decision of whether or not to extend credit." 12 C.F.R. § 202.2(1). As the case law reflects, this

2

definition includes entities such as Defendant who are involved in obtaining or arranging for credit on behalf of consumers. *See, e.g., Burns v. Elmhurst Auto Mall, Inc.,* No. 00 C 5732, 2001 WL 521840 (N.D. Ill. May 16, 2001) (vehicle dealer who failed to advise plaintiff she had not received financing was a creditor under ECOA because it regularly referred applicants to creditors and selected creditors to whom such applications would be made); *Leguillou v. Lynch Ford*, Inc., No. 99 C 3449, 2000 WL 198796 (N.D. Ill. Feb. 14, 2000) (same); *Williams v. Thomas Pontiac-GMC-Nissan-Hyundai,* No. 99 C 882, 1999 WL 787488 (N.D. Ill. Sept. 24, 1999). Like the dealers identified in these cases, Rizza is a "creditor" as defined ECOA, in the business of extending or arranging for credit to consumers for the purpose of purchasing vehicles. In the calendar 2000, Rizza sold more than 150 motor vehicles for which financing was required. Whether Rizza is more fairly understood as a creditor directly or as one who arranges credit, it is subject to the relevant provisions of ECOA.

Those provisions require that a creditor notify a buyer when he or she is denied credit. Specifically, 15 U.S.C. § 1691(d) requires that an applicant denied credit "shall be entitled to a statement of reasons for such action from the creditor." The statute makes clear that a written notification is required to comply with this provision. *See* § 1691(d)(2)(A),(B). The statute was enacted in part to prohibit discrimination in credit transactions on such bases as race, color, age, or marital status, but the courts have observed that a creditor who fails to provide notice of the denial of credit will be found in violation of the statute regardless of the creditor's motives. See *Sayers v. General Motors Acceptance Corp.,* 522 F.Supp 835 (W.D. Mo. 1981); *Carroll v. Exxon Co., U.S.A.*, 434 F.Supp. 557, 562 (E.D. La. 1977); *cf. Thompson v. Galles Chevrolet Co.*, 807 F.2d 163, 166 (10th Cir. 1986).

Rizza's finance manager, Medhat Adawy, acknowledged in his testimony that he was unable after several attempts to obtain financing for both Sara and Dorothy together, and ultimately requested credit in Dorothy's name only. Mr. Adawy explained that he informed Dorothy orally that

credit would be extended to her only and not to Sara, and further that Dorothy agreed to this and promised him she would advise Sara of Rizza's decision. As Plaintiff points out, however, even assuming that such a conversation took place, this method of notice does not meet the requirements of ECOA. (Memorandum of Law in Support of Plaintiff's Motion for Summary Judgment at 7.) Although there is an exception to the written notice requirement in § 1691(d)(5), that exception applies only to a creditor "who did not act on more than 150 applications during the calendar year" and still requires verbal communication directly from the creditor to the credit applicant. Oral notice to Sara Mungia's mother would not comply with the requirement that Sara be notified directly.

**Punitive Damages**

The ECOA authorizes an award of punitive damages up to $10,000 in addition to any actual damages suffered by the Plaintiff. See 15 U.S.C. § 1691e(a),(b). In determining whether an award of punitive damages are reasonable, the court is to consider "among other relevant factors, the amount of any actual damages awarded, the frequency and persistence of failures of compliance by the creditor, the resources of the creditor, the number of persons adversely affected, and the extent to which the creditor's failure of compliance was intentional." Plaintiff argues that the circumstances support an award in this case, but the court believes the record is incomplete at this stage. Plaintiff's motion presents no evidence on such matters as the frequency and persistence or Rizza's failure to comply with ECOA, Rizza's resources, the number of persons adversely affected, or the extent to which Rizza's actions were intentional. Certainly Plaintiff is correct that as a car dealer in the business of the selling large numbers of vehicles, Rizza knew or should have known of its obligation to provide consumers of written notification when their credit applications are denied. Nevertheless, without further evidence on this matter, the court is unable to assess an appropriate award.

Plaintiff's motion for summary judgment (Doc. No. 35-1) is granted and the matter is set for a status hearing on May 1, 2002 at 9:00 a.m., at which time the court will choose a time and place for an evidentiary hearing concerning the issues relating to punitive damages.

ENTER:

REBECCA R. PALLMEYER
United States District Judge

Dated: April 12, 2002